UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS, JR.                                                                                              Plaintiff

v.                                                                                       Civil Action No. 3:20-CV-395-RGJ

LIONEL DRIPPS, *et al.*                                                                                    Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Lynell Willis, Jr., filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 5). Upon review of the application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 5) is **GRANTED**.

This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### **I.**

Plaintiff names as Defendants Lionel Dripps and the Center for Voter Information. Where the complaint form asks for the basis for federal-question jurisdiction, Plaintiff states, "Voter Information Fraud, Signature Fraud, Provision loss of a citizen." In the statement-of-claim section of the form, Plaintiff states as follows:

> In 1996 or 1997 while attending Radcliff Middle School someone stole two pieces of paper from me the 1st with the cursive spelling Lionel the 2nd with name Dripps. Whoever this Li Dripps is, is a fraud. Mr. Dripps and the Center for Voter Information were wrong for attaching the writing to the Voting Report Card. I feel they abused the system and my vote along w/ other provisions did not count in the 2019 election vote for the county (electoral vote).

In the relief section, Plaintiff states as follows:

I ask that the courts look into the person going off my signature, as well look into who hired the person, and who created the Voting Report Card. I seek 6 million in damages for mental abuse, acts of stalking, possibly area (vision) changes or currents in building new properties in the state.

## II.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore*, 114 F.3d at 608-09. The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

Upon review of the complaint, the Court finds that Plaintiff's allegations that papers containing his signature were stolen in 1996 or 1997 and used to commit voter fraud in 2019 meet the standard for frivolousness.[1]

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous,

---

[1] On June 3, 2020, the same date Plaintiff initiated this action, Plaintiff also filed six other actions in this Court alleging instances of fraudulent use of his signature by various individuals and entities. *See Willis v. S. Ass'n of the Schs. and Colls.*, 3:20-CV-392-RGJ; *Willis v. Venters*, 3:20-CV-394-DJH; *Willis v. McMurray*, 3:20-CV-396-DJH; *Willis v. Crady*, 3:20-CV-398-RGJ; *Willis v. Simpson et al.*, 3:20-CV-397-JRW; and *Willis v. State Farm Ins. Co. et al.*, 3:20-CV-403-RGJ. Plaintiff filed another action concerning the fraudulent use of his signature on June 5, 2020. *See Willis v. Inslee*, 3:20-CV-413-CHB.

devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

The allegations in Plaintiff's complaint meet the standard for dismissal under *Apple v. Glenn*, as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:

cc: Plaintiff, *pro se*
 Defendants
A961.010